UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61397-CIV-SINGHAL/STRAUSS

ELIOT BERNSTEIN,

      Appellant,

v.

CHARLES REVARD,

      Appellee.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Appellee's Motion to Dismiss Appeal (the "**Motion**").  (DE [26]).  The Court has considered the Motion (DE [26]), Appellant's response (DE [27]), Magistrate Judge Strauss' Report and Recommendation (DE [35]), and is otherwise fully advised.  For the following reasons, the Court **DENIES** the Motion (DE [26]).

On September 15, 2025, this Court extended Appellant's deadline to file his initial brief to September 18, 2025.  (DE [22]).  Because Appellant was served via physical mail, he did not receive a copy of the order extending his deadline until September 19, 2025.  (DE [23]).  That same day, Appellant filed his initial brief and moved for extension of time to cure the brief's untimeliness.  (DE [23] at 1; [24]).  In his motion, Appellant asked the Court to both accept the initial brief as timely filed and "without an Addendum[1] under Rule 8018(e)."  (DE [23] at 1).

---

[1] Appellant's subsequent filings and Rule 8018 reveal that he sought leave to file without an appendix, not an addendum.  *See* (DE [27] at ¶ 6); Fed. R. Bankr. P. 8018 (rules for serving and filing briefs and appendices).

The Court granted the motion, although perhaps not with perfect clarity.  *See* (DE [25]).  Specifically, while the Court noted the reason for Appellant's untimely filing, granted the motion, and stated that it "accept[ed] Appellant's Brief," it did not deny—or even address—Appellant's motion to the extent it sought leave to file without an appendix.  (DE [25]).  Operating under the reasonable misapprehension that the order granted Appellant leave to proceed without an appendix, Appellant never filed one.  (DE [27] at ¶¶ 6, 12).

Subsequently, Appellee filed the instant Motion.  (DE [26]).  He asks the Court to dismiss the appeal because, without an appendix or a copy of a critical hearing transcript, Appellee is unable to properly answer and this Court is unable to conduct an "intelligent review" of the appealed orders.  *See generally* (DE [26]).  Relying on the above-discussed order, Appellant urges the Court to deny the Motion or, alternatively, grant him leave to file an appendix.  (DE [27] at ¶¶ 6, 12, 23).

But for Appellant's reasonable misunderstanding, the Court would be inclined to grant the Motion.  Nevertheless, the Court will not dismiss Appellant's appeal for failure to file an appendix when that failure was the result of Appellant's good-faith reliance on this Court's order.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Motion (DE [26]) is **DENIED**;

2. Appellant is **GRANTED LEAVE** to file an appendix pursuant to Federal Rule of Bankruptcy Procedure 8018 by **June 29, 2026**;

3. Appellant's failure to timely file a compliant appendix will result in **dismissal** of this appeal without further notice;

4. Appellant is **GRANTED LEAVE** to file an amended initial brief containing appendix citations—but no other alterations—by **June 29, 2026**;

5. If Appellant files an amended initial brief, Appellee is **ORDERED** to file an amended answer brief containing appendix citations—but no other alterations—within **14 days**.

2

6. Magistrate Judge Strauss's Report and Recommendation (DE [35]) is **ADOPTED IN PART** and **REJECTED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of June 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3