UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-61397-CIV-SINGHAL

ELIOT I. BERNSTEIN,

Appellants,

v.

CHARLES REVARD,

Appellees.
_________________________________________/

**ORDER REVERSING IN PART AND AFFIRMING IN PART APPEALED ORDERS**

**THIS CAUSE** is before the Court according to the Notice of Appeal relating to several orders of the Bankruptcy Court including the Order Granting Amended Motion for Stay Relief, the Order Denying Debtor's Motion for Temporary Stay or Continuance of Hearing, the Order Denying Confirmation and Dismissing Chapter 13 Case, and the Order Denying Debtor's Emergency Motions to Vacate Orders and Disqualify Judge Pursuant to 28 U.S.C. § 455 and Bankruptcy Rules 9023, 9024, and 8002. The parties have filed their briefs.[1] The matter is now ripe for review.

The Court has carefully considered the arguments raised, which required doing much of the work Appellant failed to do as evidenced by the poor quality of the brief submitted, without accurate pinpoint and record citations. It is obvious to any reader that the Appellant's brief, while signed by counsel,[2] was actually prepared by Appellant who argues most of his claims in the first person. Separate from the appeal's merits, this raises red flags and is sanctionable.

---

[1] Appellants did not file a reply brief to (DE [65]). *See* (DE [9] 5.c.) and Fed. R. Bankr. P. 8014(c).
[2] The Court recognizes that counsel's appearance is for the Bernstein Family Realty, LLC, *see* (DE [44]), but counsel's *work* appears to be for Appellant, *see* (DE [59] at 32).

With the help of Appellee's brief, the Court identifies four issues on appeal. Although the Court finds no error as to three of four of those issues, it does agree that the Bankruptcy Court erred as to one. The question is whether "the Bankruptcy Court den[ied] the Appellant due process when the Bankruptcy Court ruled on the Appellee's Amended Motion for Stay Relief at a non-evidentiary hearing after cutting of the Appellant during his argument." *See* (DE [65] at 5). Although the record and Appellant's briefing *convinces* the Court that Appellant was prepared to argue only nonsense at the hearing, due process affords him that right. *See Marcelin v. City of West Palm Beach*, 417 Fed. Appx. 848, 881 (11th Cir. 2011) ("[D]ue process requires . . . 'notice and an opportunity to be heard.'" (quoting *Harrison v. Wille*, 132 F.3d 679, 684 (11th Cir. 1988))). Accordingly, while the evidentiary hearing Appellant requested was likely not warranted, due process did require the Bankruptcy Court to *hear* Appellant's argument on that point. Consequently, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Bankruptcy Court's judgment is **REVERSED** in that Appellant was not afforded a proper opportunity to be heard. While Appellant certainly received sufficient notice, the potential quality of his arguments cannot govern whether he is heard. This case is **REMANDED** for further proceedings consistent with this Order.

2. All other issues on appeal are **AFFIRMED**.

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF